Mr. Justice Wylie
delivered the opinion of the court.
In this case, which was elaborately and ably argued here, and appears to have been argued with equal elaboration and ability in the court below, before Mr. Justice Cox, who prepared a written opinion in the cause, without going now over all the ground that was argued on both sides, we are content to affirm the decision below, for- the reasons given in Judge Cox’s opinion. There were a few things in that opinion that we might not agree with entirely, especially in regard to the power of the stockholders to remove the president of the company, which is the main question in the case. It has been argued that there ought to have been charges brought against him, and there ought to have been a day appointed for hearing them ; but in a case of this kind—of a company incorporated for the purpose of carrying on a business in which the public has no interest whatever, we think it may depose its president at any time. We think there is no evidence to sustain a charge of fraud in this case. It was merely a difference of opinion between the parties as to the policy to be pursued by the company. The president refused to carry out the policy which the corporators had adopted, and if the stockholders saw proper to remove him out of the way while he was so evidently obstructing that policy, they had a right to do so without the formality of notice and trial. There is no doubt that Woodruff desired to promote his own interests, which he had a right to do by the use of any lawful measures in respect to the management and control of the company. He had lost money by the concern, and the only probable way he had to save something from the unfortunate enterprise was to buy in the property. He seems to have been the only capitalist in the concern, no money having been put in by the other stockholders. The property of the company was sold at pub- . lie sale. The sale was fair, and the opportunity to buy was ' open to all, and he bought the property for what we must presume was its value at that time.
The decree is affirmed.